UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

TALAL QAIS ABDULMUNEM AL ZAWAWI,

    Debtor in a Foreign Proceeding.
_____/

6:21-cv-894-GAP

Case No. 6:21-bk-01251-LVV
Chapter 15

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):  TALAL QAIS ABDULMUNEM AL ZAWAWI

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding.<br><br>☐ Plaintiff<br>☐ Defendant<br>☐ Other (describe) _____ | For appeals in a bankruptcy case and not in an adversary proceeding.<br>☐ Debtor<br>☐ Creditor<br>☐ Trustee<br>☒ Other (describe): <u>Debtor in a Foreign Proceeding</u> |
|---|---|

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:
   Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Granting Related Relief (Doc. 36) (the "Order") a copy of which is attached as **Exhibit "A."**

   In addition, the Bankruptcy Judge announced orally at a hearing on April 22, 2021 that the Court would enter a supplemental decision or memorandum opinion to expand on its holdings in the Order. As of the date of this Notice of Appeal, the supplemental decision has not been rendered by the Bankruptcy Judge.

2. State the date on which the judgment, order, or decree was entered: May 6, 2021.

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party: | Attorney(s): |
|---|---|
| Colin Diss, Hannah Davie, and Michael Leeds (collectively, the "Foreign Representatives") | Leyza F. Blanco, Esq.<br>Cristina V. Beard, Esq.<br>SEQUOR LAW<br>1111 Brickell Avenue, Suite 1250<br>Miami, Florida 33131<br>Telephone: 305-372-8282<br>Facsimile: 305-372-8202<br>E-Mails:<br>lblanco@sequorlaw.com<br>cvicens@sequorlaw.com |

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

      **Not applicable**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

*/s/ Kenneth D. Herron, Jr.*  Date: May 19, 2021
**Kenneth D. (Chip) Herron, Jr.**
Florida Bar No. 699403
**Herron Hill Law Group, PLLC**
135 W. Central Blvd., Ste. 480
Orlando, Florida 32801
Telephone: (407) 648-0058
Primary e-mail: chip@herronhilllaw.com
Secondary e-mail: lauren@herronhilllaw.com

**Certificate of Service**

I certify that I have filed a copy of the foregoing Notice of Appeal with this Court's CM/ECF System to be served in accordance therewith, and that a copy of the foregoing document was served on May 19, 2021, on the following parties provided below:

Leyza F. Blanco, Esq.
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

Cristina V. Beard, Esq.
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

ORDERED.

Dated: **May 05, 2021**

EXHIBIT
A

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No.: 6:21-bk-01251-LVV |
| Talal Qais Abdulmunem Al Zawawi | Chapter 15 |
| Debtor in a Foreign Proceeding | |

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on April 22, 2021 (the "Hearing"), upon the Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 of the Bankruptcy Code and Related Relief (the "Motion for Recognition")[1] [ECF No. 2], of Colin Diss, Hannah Davie, and Michael Leeds (collectively, the "Foreign Representatives"), as court-appointed joint trustees of the foreign bankruptcy estate of Talal Qais Abdulmunem Al Zawawi ("Debtor"), seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion for Recognition.

of the Debtor's bankruptcy proceeding under the supervision of High Court of Justice, Business and Property Courts of England and Wales (the "UK Bankruptcy Court"). The Court, having considered the Petition [D.E. 1], the Motion for Recognition [D.E. 2], the Amended Declaration of Colin Diss [D.E. 32], Debtor's Objection to Recognition and Motion to Dismiss Chapter 15 Case [D.E 30] and Foreign Representatives' Response thereto [D.E. 33], the argument of counsel, and being otherwise duly informed, the Court makes the following Order.

The Court finds:

A. Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representatives as directed by this Court.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E. The Foreign Representatives qualify as a "foreign representatives" as defined in 11 U.S.C. §101(24), and Debtor did not object otherwise.

F. This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

G. Foreign Representatives have met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure, and Debtor did not object otherwise.

H. The UK Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4), and Debtor did not object otherwise.

I. The UK Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J. The UK Proceeding is pending before the High Court of Justice, Business and Property Courts of England and Wales. The Debtor's center of main interests is in the UK and the Debtor did not object otherwise.

K. Accordingly, the UK Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

L. The Foreign Representatives are entitled to all relief provided under 11 U.S.C. § 1520.

M. The Foreign Representatives are further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

N. The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is **ORDERED** AND **ADJUDGED** that:

1. The Debtor's Objection to Recognition is **OVERRULED** and Debtor's Motion to Dismiss is **DENIED**.

2. For the reasons stated by the Court on the record, 11 U.S.C. § 109(a) does not apply in proceedings commenced under Chapter 15 of the Bankruptcy Code, and the Court may render a supplemental decision to expand on this holding.

3. The UK Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

4. The UK Proceeding and the orders of the UK Bankruptcy Court shall be given full force and effect and be binding on and enforceable in the United States against all persons and

entities. This includes without limitation, the UK Bankruptcy Court's June 29, 2020 order commencing the UK Proceeding, which is attached to the Motion for Recognition.

5. The provisions of 11 U.S.C. § 1520 apply to this proceeding.

6. Pursuant to 11 U. S. C. §1521 (a)(1), all persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor to the extent they have noy been stayed under 11 U.S.C. § 1520(a). .

7. Pursuant to 11 U. S. C. §1521 (a)(2), all persons and entities are stayed from executing against the assets of the Debtor to the extent it has not been stayed under 11 U.S.C. § 1520(a).

8. Pursuant to 11 U. S. C. §1521 (a)(3), all persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets of the Debtor to the extent this right has not been suspended under 11 U.S.C. § 1520(a).

9. Pursuant to 11 U. S. C. §1521 (a)(5), the Foreign Representatives are entrusted with the administration or realization of all or part of the Debtor's assets within the territorial jurisdiction of the United States.

10. Pursuant to 11 U. S. C. §1121 (a)(6), the relief granted by the Court in its March 26, 2021 Order Granting Emergency Motion for Order Granting Provisional Relief Pending the Hearing on Recognition Pursuant to Section 1519 of the Bankruptcy Code [D.E. 10] is extended indefinitely, until further order of this Court.

11. All persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtor located within the territorial jurisdiction of the United States, shall immediately advise the Foreign Representatives by written notice sent to the following addresses:

Attn: Colin Diss, Hannah Davie, and Michael Leeds
Joint Trustees of Talal Qais Abdulmunem Al Zawawi
c/o Grand Thornton UK LLP
30 Finsbury Square
London EC2A 1AG

With a copy to:

Attn: Leyza F. Blanco
Cristina Vicens Beard
Sequor Law, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity. The Foreign Representatives shall file with the Court information demonstrating those persons and/or entities to whom he has provided notice of this Order.

12. The Foreign Representatives are authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

13. The Foreign Representatives are further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (ii) Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii)

Foreign Representatives are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

15. No action taken by Foreign Representatives in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the UK Proceeding or any order entered in or in respect of the Chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded the Foreign Representatives, including pursuant to 11 U.S.C. §§ 306 and 1510.

16. This Court shall retain jurisdiction with respect to the enforcement, amendment, modification or termination of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

17. This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

### 

Submitted by:

Leyza F. Blanco, Esq.
Cristina Vicens Beard, Esq.
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: lblanco@sequorlaw.com
cvicens@sequorlaw.com

Leyza F. Blanco shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.