UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Talas Qais Abdulmunem Al
Zawawi

TALAS QAIS ABDULMUNEM AL
ZAWAWI,

                  Appellant,

v.                                          Case No:  6:21-cv-894-GAP

COLIN DISS,
HANNAH DAVIE and
MICHAEL LEEDS

                  Appellees.

_____

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court without oral argument on appeal from the United States Bankruptcy Court for the Middle District of Florida ("Bankruptcy Court"). That court entered an order granting recognition of a foreign insolvency proceeding on May 5, 2021 ("Order") (Doc. 10–21), which is the subject of this appeal.[1]  With the parties' briefing complete (Docs. 14, 22, 27), the matter is ripe for disposition.

_____

[1] The Bankruptcy Court supplemented its Order with a memorandum opinion on August 30, 2021. *See* Doc. 11–1.

## I.   Background

After Talal Qais Abdulmunem Al Zawawi ("Al Zawawi") got divorced, a court in the United Kingdom ordered him to pay £24 million to his former wife. Doc. 10–12 ¶¶ 3-5. Al Zawawi, a citizen and resident of Oman, *see* Doc. 10–7 at 2; Doc. 10–8 at 10, refused to pay, so he was adjudged bankrupt under English law. *See* Doc. 10–12 ¶ 9. Appellees are joint trustees in the English bankruptcy proceeding. Doc. 10–12 ¶ 10.

This cross-border bankruptcy made its way to Orlando because Appellees sought, among other things, discovery related to assets purportedly held by Al Zawawi in the Middle District of Florida. Doc. 10–12 ¶¶ 21–24, 26. Al Zawawi owns shares in a Curaçaoan entity that wholly owns a web of Florida corporations based in Winter Park, Florida.[2] Doc. 15-1 at 20-21. And at the time of the recognition proceedings, Al Zawawi served as a director of those Florida corporations,[3] which collectively own around $94 million of real estate in the area.[4]

_____

[2] The Bankruptcy Court took judicial notice of the fact that the Florida corporations all listed an address in Winter Park, Florida, as their principal place of business. Doc. 11–1 at 3.

[3] This fact was presented by Appellees' counsel during the Bankruptcy Court's recognition hearing. Doc. 15-1 at 13. The Bankruptcy Court also took judicial notice of such. Doc. 11–1 at 3.

[4] The parties do not dispute the value of the real estate owned by the Florida corporations. But Appellees seek discovery beyond that pot of real estate. They want information concerning, for instance, assets that Al Zawawi transferred to his brother shortly before the start of the English bankruptcy proceeding; assets in the United States that may have been acquired

Appellees thus petitioned the Bankruptcy Court for the Middle District of Florida for an order recognizing the English bankruptcy proceeding under Chapter 15 of the United States Bankruptcy Code,[5] which was granted. *See* Docs. 10-21 & 11-1.

On appeal, Al Zawawi raises two issues. The first is whether Appellees had to show that Al Zawawi qualified as a "debtor" under Section 109(a) to obtain the recognition order. Section 1517 directs courts to "recogniz[e] a foreign proceeding" if three elements are met. 11 U.S.C. § 1517(a). Al Zawawi does not dispute that those elements were met, but asserts that Appellees had to satisfy a requirement otherwise absent from Section 1517: that Al Zawawi had "property in the United States" under Section 109(a). In other words, Al Zawawi claims that Section 109(a) imposes a threshold requirement for all Chapter 15 recognition proceedings.

Second, if Section 109(a) applies, Al Zawawi disputes that Appellees met their burden of showing that he qualified as a "debtor" under that section. However, since the Court concludes that compliance with Section 109(a) is not a

---

using Al Zawawi's funds; and causes of action held by Al Zawawi under United States law. Doc. 10-12 ¶¶ 21-24, 26. Appellees' ultimate goal is to recover assets for the English proceeding. Doc. 10-12 ¶ 21.

[5] All chapters and sections referenced herein refer to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

prerequisite to obtaining recognition under Chapter 15, this issue becomes moot.

## II.   Legal Standard

Since the issue here involves a question of law, the Court exercises *de novo* review. *See In re Horne*, 876 F.3d 1076, 1080 (11th Cir. 2017) (citation omitted).

To interpret the Bankruptcy Code, the Court relies on "the traditional standards of statutory construction." *In re Tennyson*, 611 F.3d 873, 877 (11th Cir. 2010). The Court begins with "the language of the statute itself." *Id.* (citation omitted). "We assume that Congress used the words in a statute as they are commonly and ordinarily understood, and we read the statute to give full effect to each of its provisions." *Id.* (citation omitted). To do so, the Court must not "look at one word or term in isolation, but instead . . . look to the entire statutory context." *Id.* (citation omitted). The Eleventh Circuit has instructed courts to consider extrinsic materials only if: "(1) the statute's language is ambiguous; (2) applying it according to its plain meaning would lead to an absurd result; or (3) there is clear evidence of contrary legislative intent." *Id.* (citation omitted).

## III.   Analysis

### a.  Chapter 15 and Recognition under Section 1517

Chapter 15 is a measure of comity. *See, e.g.*, 11 U.S.C. § 1501; *see generally In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1044 (5th Cir. 2012) (characterizing "comity" as "a principal objective" of Chapter 15 (citation omitted)). It not only authorizes

bankruptcy courts to aid foreign bodies in the administration of foreign insolvency proceedings, but in some cases forces them to do so. *See, e.g.*, 11 U.S.C. §§ 1507, 1509, 1519-1521.

Once a foreign insolvency proceeding has been commenced, a "foreign representative"[6] may petition a United States bankruptcy court for an order recognizing the proceeding. *See* 11 U.S.C. § 1515.

With a recognition order, Chapter 15 gives a bankruptcy court the power to "grant any appropriate relief" requested by the foreign representative that is "necessary to effectuate the purpose of th[e] chapter and protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1521(a). That includes staying litigation and executions; suspending transfer rights; "entrusting the administration . . . of all or part of the debtor's assets within the . . . United States to the foreign representative"; and, most pertinent here, "providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities." 11 U.S.C. § 1521(a).

Section 1517(a) sets forth just three conditions for recognition, none of

---

[6] A "foreign representative" is "[a] person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

which involve an assessment of the foreign debtor's contacts with the United

States. *See* 11 U.S.C. § 1517(a). That section provides:

> Subject to section 1506, after notice and a hearing, an order
> recognizing a foreign proceeding *shall* be entered if —
>
> (1) such foreign proceeding for which recognition is
> sought is a foreign main proceeding or foreign nonmain
> proceeding within the meaning of section 1502;
> (2) the foreign representative applying for recognition is
> a person or body; and
> (3) the petition meets the [administrative] requirements
> of section 1515.

11 U.S.C. § 1517(a) (emphasis added).

Nonetheless, Al Zawawi claims that the requirements in Section 1517(a) are

not exhaustive. He points to sections 109 and 103 of the Bankruptcy Code. Section

109(a) provides that "[n]otwithstanding any other provision of this section, only a

person that resides or has a domicile, a place of business, or property in the United

States, or a municipality, may be a debtor under this title." 11 U.S.C. § 109(a). And

Section 103(a) directs courts to apply Section 109 to cases under Chapter 15. *See* 11

U.S.C. § 103(a) ("Except as provided for in section 1161 of this title, . . . this

chapter, sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case

under chapter 15."). Therefore, Al Zawawi asserts, a foreign representative

seeking recognition must show that the foreign debtor "resides or has a domicile,

a place of business, or property in the United States." 11 U.S.C. § 109(a).[7]

But Al Zawawi misconstrues the application of Section 109(a). Section 1517 unambiguously provides the sole requirements for recognition. Recognition is not premised upon a foreign debtor having a domicile, residence, place of business, or property in the United States. *C.f. Jaffe v. Samsung Elecs. Co., Ltd.*, 737 F.3d 14, 24 (4th Cir. 2013) ("If the [recognition] petition meets the requirements listed in § 1517, the court *must* enter an order granting recognition of the foreign proceeding." (emphasis in original)); *In re ABC Learning Centres Ltd.*, 728 F.3d 301, 306 (3d Cir. 2013) ("Chapter 15 . . . mandat[es] recognition when a foreign proceeding meets Section 1517 recognition requirements." (citation omitted)).[8]

That Chapter 15 contains the term "debtor" does not change the outcome here. Although "debtor" is defined at the start of the Bankruptcy Code, *see* 11 U.S.C. § 101(13), Chapter 15 provides its own, alternate definition for "debtor." *See*

---

[7] In this case, property is the issue. Al Zawawi is neither a domiciliary nor a resident of the United States, and he has no place of business in this country. So, under Al Zawawi's theory, the only bar preventing Appellees from obtaining recognition under Chapter 15 is Al Zawawi's purported lack of "property in the United States." 11 U.S.C. § 109(a).

[8] To be sure, a foreign debtor's contacts are relevant. *See In re British Amer. Ins. Co. Ltd.*, 488 B.R. 205, 213 (Bankr. S.D. Fla. 2013) (citation omitted). But the statute looks to contacts with the foreign jurisdiction, not with the United States. *See id.* (remarking that the "recognition procedure . . . reflects a policy determination by UNCITRAL and Congress that [a bankruptcy] [c]ourt should not assist a representative of a foreign action unless the debtor has a sufficient presence in the country in which the foreign action is taking place" (citation omitted)). Indeed, a prerequisite for recognition is that the foreign proceeding be "pending in the country where the debtor has the center of its main interests," 11 U.S.C. § 1502(4), or "where the debtor has an establishment." 11 U.S.C. § 1502(5); *see* 11 U.S.C. § 1517.

11 U.S.C. § 1502(1) ("For the purposes of this chapter, the term . . . 'debtor' means an entity that is the subject of a foreign proceeding . . . . "). That definition controls and is plainly consistent with the purposes of Chapter 15. [9]

### b. Other Statutory Provisions Confirm that Recognition is Not Predicated on Section 109(a)

The Court need not look beyond Section 1517. *See, e.g.*, *In re Guillen*, 972 F.3d 1221, 1226 (11th Cir. 2020) (suggesting that when "a plain, nonabsurd meaning [comes] in[to] view," a court is not required to sail further into the horizon (citation omitted)). But numerous provisions cited by the parties further indicate that recognition is a concept that lies beyond Section 109(a)'s reach. *C.f. In re Tennyson*, 611 F.3d at 877 (recognizing the import of "statutory context" (citation and internal quotation marks omitted)).

Start with Section 1528, which provides that "*[a]fter* recognition of a foreign main proceeding, a case under another chapter of this title may be commenced *only if the debtor has assets* in the United States." 11 U.S.C. § 1528 (emphasis added). If Section 109(a) created a threshold requirement to Chapter 15 as Al Zawawi suggests, Congress would have had little, if any, need to qualify Section 1528 in this manner.

---

[9] The legislative history for Chapter 15 bolsters this point. *See* H.R. Rep. No. 109–31, pt. 1, at 107, *reprinted in* 2005 U.S.C.C.A.N. 88, 170 (2005) (noting that the term "debtor" takes on a "special definition" in Chapter 15—provided in Section 1502—and such "[wa]s necessary to eliminate the need to refer repeatedly to 'the same debtor as in the foreign proceeding'").

Moreover, part of the venue statute for Chapter 15 cases, 28 U.S.C. § 1410, would be rendered superfluous if Section 109(a) applied a threshold bar to recognition. In a chapter 15 case, venue lies in the district:

> (1) in which the debtor has its principal place of business or principal assets in the United States;
> (2) if the debtor does not have a place of business or assets in the United States, in which there is pending against the debtor an action or proceeding in a Federal or State court; or
> (3) in a case other than those specified in paragraph (1) or (2), in which venue will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative.

28 U.S.C. § 1410. Congress thus expressly contemplated the prospect that a foreign debtor might not satisfy the qualifications required of a traditional debtor under Section 109(a).[10]  Any other interpretation could render subsections (2) and (3) meaningless.

The Bankruptcy Court also noted that even Section 109 suggests that subsection (a) is limited in scope. Subsections (b) through (g)[11] of Section 109 further detail who "may be a debtor" under Chapters 7, 9, 11, 12, and 13. But there

---

[10]  The venue statute for plenary cases under title 11 underscores this conclusion. It provides in part that a case may be commenced in the district of the debtor's "domicile, residence, principal place of business in the United States, or principal assets in the United States." 28 U.S.C. § 1408(1).

[11]  Subsection (h) generally mandates that individual debtors seek credit counseling services before they become a "debtor" under title 11. *See* 11 U.S.C. § 109(h). It carries no apparent relevance at the recognition stage.

is no mention of Chapter 15, further weakening Al Zawawi's purported interpretation.

### c.  Legislative History Underscores the Validity of Appellees' Position

The legislative history behind Chapter 15 bolsters the conclusion that recognition is not tethered to Section 109(a). The relevant House Report plainly states that "[t]he requirements of [Section 1517] . . . are all that must be fulfilled to attain recognition." H.R. Rep. No. 109–31, pt. 1, at 113. And the Guide to Enactment and Interpretation of the UNCITRAL Model Law on Cross Border Insolvency—which is persuasive authority[12]—emphasizes a similar point. *See* U.N. Comm'n on Int'l Trade Law, Guide to Enactment and Interpretation of the UNCITRAL Model Law on Cross–Border Insolvency, ¶ 151 (2014) ("The Model Law makes no provision for the receiving court to embark on a consideration of whether the foreign proceeding was correctly commenced under applicable law; provided the proceeding satisfies the requirements of article 15 and article 6 is not relevant, recognition should follow in accordance with article 17.").

### d.  *In re Barnet* Does Not Alter the Court's Conclusion

Al Zawawi rests much of his argument on *In re Barnet*, 737 F.3d 238 (2d Cir. 2013), wherein the Second Circuit held that Section 109(a) applies to a debtor

---

[12] The legislative history indicates that Congress relied on an earlier version of the Guide when drafting Chapter 15.

under Chapter 15. *See id.* at 247.

Although there are few decisions from outside the Second Circuit on the topic of whether Section 109(a) applies in the recognition context, courts have reached differing conclusions. *Compare In re Forge Grp. Power Pty Ltd.*, No. 17-cv-024045, 2018 WL 827913, at *6–12 (N.D. Cal. Feb. 12, 2018) (adopting the reasoning set forth in *Barnet*), *with In re MMX Sudeste Mineração S.A.*, No. 17-16113, 2017 Bankr. LEXIS 4663, at *1-2 (Bankr. S.D. Fla. Nov. 7, 2017) (declining to follow *Barnet*), *and In re Bemarmara Consulting A.S.*, No. 13-13037, Doc. 38 at 8–9 (Bankr. D. Del. Dec. 23, 2013) (same). *C.f. In re Avanti Commc'ns Grp. PLC*, 582 B.R. 603, 612 (Bankr. S.D.N.Y. 2018) (describing *Barnet* as "a controversial ruling").

And it is telling that even those bound by *Barnet* do not require much to satisfy Section 109(a). *See e.g.*, *In re B.C.I. Fins. Pty Ltd.*, 583 B.R. 288, 293–96 (Bankr. S.D.N.Y. 2018) (finding that attorney retainers deposited by foreign debtors in the United States for the alleged sole purpose of satisfying Section 109(a)—and, thereafter, obtaining discovery—were sufficient to satisfy Section 109(a)'s "property" requirement). *C.f. Forge Power Grp. Pty Ltd.*, 2018 WL 827913, at *12 (concluding that an attorney retainer satisfied Section 109(a), even though such was "deposited for the express purpose of retaining counsel in the United States for Chapter 15 proceedings" (citations omitted)).

The Eleventh Circuit's analysis in *In re Goerg*, 844 F.2d 1562 (11th Cir. 1988)

suggests that, if presented with today's question, the Eleventh Circuit would decline to follow *Barnet*. Chapter 15 is centered atop the premise (and promise) of ancillary assistance, and its text makes such clear. *C.f. In re Guillen*, 972 F.3d at 1227 ("We seek to construe statutes, not isolated provisions." (citation and internal quotation marks omitted)). Geared toward the efficient, effective, and just administration of cross-border insolvencies, *see* 11 U.S.C. § 1501(a), Chapter 15 would provide illusory relief if, as argued, foreign representatives had to marshal evidence of Section 109(a)'s requirements just to access bankruptcy machinery.[13] The Eleventh Circuit held as much in a similar context. *See Goerg*, 844 F.2d at 1568 ("Because the focus is on making United States processes available in aid of foreign proceedings, not actual bankruptcy administration, it would make little sense to require that the subject of the foreign proceeding qualify as a 'debtor' under United States bankruptcy law." (citations omitted)).

---

[13] Al Zawawi contends that jurisdictional concerns would arise if Section 109(a) was not grafted to Chapter 15. At the recognition stage, however, those concerns are unwarranted; bankruptcy courts exercise "limited *in rem* jurisdiction" over "property located within the United States" in chapter 15 proceedings. *In re JSC BTA Bank*, 434 B.R. 334, 345 (Bankr. S.D.N.Y. 2010); *see also British Amer. Ins. Co. Ltd.*, 488 B.R. at 224–27.

**IV.    Conclusion**

Comity lies at the heart of Chapter 15. And recognition is a critical

component thereof—for a foreign representative, recognition serves as the door to

much of our nation's judicial system. Limiting recognition to proceedings

involving foreign debtors that qualify as "debtors" under the Bankruptcy Code is

simply inconsistent with the express language and fundamental purpose of

Chapter 15. Accordingly, as the Bankruptcy Court recognized, Section 109(a)

cannot be applied in the manner suggested by Al Zawawi.[14]  The Bankruptcy

Court's Order is therefore **AFFIRMED**. The Clerk is hereby **ORDERED** to enter

judgment for Appellees and thereafter close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 28,

2022.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[14]  Contrary to Al Zawawi's suggestion, this case is far from a fishing expedition. As the Bankruptcy Court noted, it appears that Al Zawawi owns property in Central Florida. Post-recognition discovery will allow Appellees to confirm this fact and pursue avenues consistent with the administration of the foreign proceeding.